Carol Lynn Finklehoffe. CA Bar No. 220309
LIPCON MARGULIES ALSINA & WINKLEMAN
One Biscayne Tower, Suite 1776
Miami, FL 33131
Tel: 305-373-3016
Fax: 305-373-6204
Email: cfinklehoffe@lipcon.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA BABER,<br><br>Plaintiff,<br><br>vs.<br><br>PRINCESS CRUISE LINES, LTD., a corporation for profit,<br><br>Defendant. | CASE NO.:<br><br>**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TERESA BABER, bring this action individually. This action is brought against Defendant PRINCESS CRUISE LINES, LTD. (hereinafter "PRINCESS"), a for profit corporation, for personal injuries sustained by the Plaintiff TERESA BABER and seeks compensatory damages, statutory attorney's fees and costs, and all other such relief provided under principles of negligence

pursuant to the General Maritime Law.

## Jurisdiction

1. This action is an action under general maritime law and the laws of California, as applicable.

2. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court..

3. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because Defendant PRINCESS unilaterally inserts a forum selection clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

4. Defendant PRINCESS, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Purposefully availed themselves of the benefits of conducting

   activities in California by purposefully directing their activities toward the state, thereby obtaining the benefits and protections of the state's laws;

e. The acts of the Defendant set out in this Amended Complaint occurred in whole or in part in this state and/or county;

f. The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

## The Parties

5. Plaintiff, TERESA BABER, was and is a resident of Florida.

6. At all times material, Defendant PRINCESS was and is a for profit corporation with its worldwide headquarters, principal address and principal place of business located in the County of Los Angeles.

7. At all times material, Defendant PRINCESS was and is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports throughout the world including, Los Angeles, California and Fort Lauderdale, Florida.

8. At all times material, Defendant PRINCESS derived substantial revenue from cruises originating and terminating in various ports throughout the world including, Los Angeles, California and Fort Lauderdale, Florida.

9. At all times material, Defendant PRINCESS operated, managed, maintained, supervised, chartered, and/or controlled a large commercial vessel named *Caribbean Princess* ("the subject vessel").

10. At all times material, Defendant PRINCESS transported fare-paying passengers on cruises aboard its vessel *Caribbean Princess*.

## General Allegations Common to All Counts

11. At all times material, the Plaintiff TERESA BABER was a fare paying passenger and lawfully aboard the vessel *Caribbean Princess*.

12. On or about March 2, 2020, the Plaintiff TERESA BABER was injured due to a hidden hazardous condition and/or wet flooring surface aboard the *Caribbean Princess* when she slipped and fell on the unreasonably slippery flooring in the public women's restroom near the buffet area

13. The dangerous nature of the unreasonably slippery flooring surface and/or lack of adequate and proper slip resistant mats were not open and obvious and Defendant PRINCESS failed to properly warn the Plaintiff, TERESA BABER, of these hazardous conditions.

14. These hazardous conditions were either created by the Defendant PRINCESS and its employees or had been in place for a sufficient period of time so that the Defendant PRINCESS knew or should have known about them through the exercise of reasonable care.

15. Alternatively, the Defendant PRINCESS and/or its employees, at all

4
Plaintiff's Complaint and Demand for Jury Trial

material times, undertook to maintain and operate the *Caribbean Princess* in reasonably safe manner, and thereby acquired a duty to exercise reasonable care in those undertakings.

16. As a result of the negligence of Defendant, their vessel and/or crew, the Plaintiff suffered serious, permanent and debilitating injuries, including but not limited to her left knee.

## COUNT I
## NEGLIGENCE FAILURE TO WARN AGAINST DEFENDANT

17. Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 16, and alleges as follows:

18. At all times material, Defendant PRINCESS through its employees, servants, agents, and/or representatives acting within the course and scope of their employment, owed the Plaintiff TERESA BABER a non-delegable duty to exercise reasonable care under the circumstances as required of an ocean common carrier for the safety of a fare-paying passenger.

19. Alternatively, at all material times, Defendant PRINCESS and/or their employees, engaged in certain affirmative undertakings, as hereafter alleged, and in doing so acquired a duty to exercise reasonable care in those undertakings.

20. On or about March 2, 2020, Defendant PRINCESS and/or its agents, servants, joint venturer's and/or employees, breached its duty to provide the Plaintiff with reasonable care under the circumstances, and was negligent and careless by

5
Plaintiff's Complaint and Demand for Jury Trial

committing the following acts and/or omissions including but not limited to:

    a.    Failure to warn the Plaintiff of unreasonably wet and/or slippery condition of the subject area; and/or

    b.    Failure to warn the Plaintiff of the risks and/or dangers associated with the unreasonably wet, slippery, and/or hazardous flooring surface of the subject area; and/or

    c.    Failure to adequately warn passengers, including Plaintiff, of dangers posed by not having adequate lighting in the subject area, so that passengers can see hazardous conditions and can safely traverse the subject area; and/or

    d.    Failure to warn passengers and the Plaintiff of other slip and fall accidents previously occurring in the same area, same deck and/or same flooring surface.

    e.    Other acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery.

21. At all material times, Defendant PRINCESS had exclusive custody and control of the subject vessel.

22. At all material times, Defendant PRINCESS negligently failed to determine, eliminate, modify, correct, or warn the Plaintiff TERESA BABER of the dangerous and hazardous condition which resulted in her injuries. Defendant

PRINCESS violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual and/or failed to properly implement the Safety Management System Manual aboard the vessel. All of which caused the Plaintiff TERESA BABER to be injured.

23. Defendant PRINCESS knew of the foregoing conditions causing Plaintiff TERESA BABER'S accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant PRINCESS in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

24. As a result of the negligence of Defendant PRINCESS, the Plaintiff TERESA BABER was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of Plaintiff TERESA BABER'S injuries and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff TERESA BABER will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

WHEREFORE the Plaintiff TERESA BABER demands judgment for all damages recoverable under the law against the Defendant PRINCESS and demands trial by jury.

## COUNT II

## **NEGLIGENCE FAILURE TO MAINTAIN AGAINST DEFENDANT**

25. Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 16, and alleges as follows:

26. At all times material, Defendant PRINCESS through its employees, servants, agents, and/or representatives acting within the course and scope of their employment, owed the Plaintiff TERESA BABER a non-delegable duty to exercise reasonable care under the circumstances as required of an ocean common carrier for the safety of a fare-paying passenger.

27. Alternatively, at all material times, Defendant PRINCESS and/or their employees, engaged in certain affirmative undertakings, as hereafter alleged, and in doing so acquired a duty to exercise reasonable care in those undertakings.

28. On or about March 2, 2020, Defendant PRINCESS and/or its agents, servants, joint venturer's and/or employees, breached its duty to provide the Plaintiff with reasonable care under the circumstances, and was negligent and careless by committing the following acts and/or omissions including but not limited to:

    a. Failure to adequately and regularly inspect the women's public restrooms near the Buffet, but not limited to the area near the buffet, to determine whether it was unreasonably wet or slippery; and/or

    b. Failure to maintain the flooring surface in the women's public restroom, near the Buffet, where the Plaintiff fell in a reasonably safe condition in light of the anticipated use; and/or

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

  c. Failure to follow the manufacturer of the subject flooring surface instructions for cleaning and/or maintaining the surface; and/or

  d. Failure to have adequate lighting at or around the hazardous surface in the subject area; and/or

  e. Failure to maintain the subject area in a clean and dry condition; and/or

  f. Failure to adequately and regularly inspect the subject area for wet and/or unreasonably slippery conditions; and/or

  g. Failure to adequately and regularly monitor the subject area to maintain the area free of wet and/or unreasonably slippery conditions; and/or

  h. Failure to adequately and regularly clean the subject area; and/or

  i. Failure to close off and/or place warning signs on or around the wet and/or unreasonably slippery areas of the subject deck.

29. At all material times, Defendant PRINCESS had exclusive custody and control of the subject vessel.

30. At all material times, Defendant PRINCESS negligently failed to determine, eliminate, modify, correct, or warn the Plaintiff TERESA BABER of the dangerous and hazardous condition which resulted in her injuries. Defendant PRINCESS violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual and/or failed to properly implement the Safety Management System Manual aboard the vessel. All of which caused the Plaintiff TERESA BABER to be injured.

31. Defendant PRINCESS knew of the foregoing conditions causing Plaintiff TERESA BABER'S accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant PRINCESS in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

32. As a result of the negligence of Defendant PRINCESS, the Plaintiff TERESA BABER was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of Plaintiff TERESA BABER'S injuries and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff TERESA BABER will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

WHEREFORE the Plaintiff TERESA BABER demands judgment for all damages recoverable under the law against the Defendant PRINCESS and demands trial by jury.

## COUNT III
## GENERAL NEGLIGENCE AGAINST DEFENDANT

33. Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 16, and alleges as follows:

34. At all times material, Defendant PRINCESS through its employees,

10
Plaintiff's Complaint and Demand for Jury Trial

servants, agents, and/or representatives acting within the course and scope of their employment, owed the Plaintiff TERESA BABER a non-delegable duty to exercise reasonable care under the circumstances as required of an ocean common carrier for the safety of a fare-paying passenger.

35. Alternatively, at all material times, Defendant PRINCESS and/or their employees, engaged in certain affirmative undertakings, as hereafter alleged, and in doing so acquired a duty to exercise reasonable care in those undertakings.

36. On or about March 2, 2020, Defendant PRINCESS and/or its agents, servants, joint venturer's and/or employees, breached its duty to provide the Plaintiff with reasonable care under the circumstances, and was negligent and careless by committing the following acts and/or omissions including but not limited to:

a. Failure to adequately and regularly inspect the subject area for wet and/or slippery conditions; and/or

b. Failure to adequately and regularly monitor the subject area to maintain it free of wet and/or slippery conditions; and/or

c. Failure to regularly and adequately clean the subject area; and/or

d. Failure to close off and/or place warning signs of or around the wet and slippery areas of the subject restroom; and/or

e. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of wet and slippery conditions;

11
Plaintiff's Complaint and Demand for Jury Trial

and/or

f. Failure to promulgate and/or enforce adequate policies and procedure to ensure that warning signs are places on or around wet and/or slippery areas and/or that such wet and/or slippery areas are closed off; and/or

g. Failure to analyze prior slip-and-fall accidents aboard Defendant's vessels occluding the same area and/or type of flooring surface so as to remedy such hazardous conditions; and/or

h. Failure to correct hazardous conditions following other slip and fall accidents in the same area and/or type of flooring surface; and/or

i. Failure to utilize a reasonably sale flooring surface in light of the anticipated traffic and anticipated purpose of the area; and/or

j. Failure to retrofit flooring surface in light of the anticipated traffic and anticipated purpose of the area; and/or

k. Failure to test and/or adequately evaluate flooring surface in light of the anticipated traffic and anticipated purpose of the area; and/or

l. Failure to have a non-slip or non-skid flooring surface on the subject area; and/or

m. Failure to place rubber mats or apply a non-slip or non-skid substance for the flooring surface on or around the subject area; and/or

n. Failing to monitor a walkway area so as to maintain it in a clean and dry condition; and/or

  o. Failure to close off and/or place warning signs on or around the wet and unreasonably slippery areas of the subject flooring surface; and/or

  p. Failure to ascertain whether floor area meets applicable standards, such as ASTM F1166; and/or

  q. Failure to adequately test the coefficient of friction and slip resistance of the subject flooring surface before opening it up to passengers and Plaintiff

  r. Other acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery.

37. At all material times, Defendant PRINCESS had exclusive custody and control of the subject vessel.

38. At all material times, Defendant PRINCESS negligently failed to determine, eliminate, modify, correct, or warn the Plaintiff TERESA BABER of the dangerous and hazardous condition which resulted in her injuries. Defendant PRINCESS violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual and/or failed to properly implement the Safety Management System Manual aboard the vessel. All of which caused the Plaintiff TERESA BABER to be injured.

39. Defendant PRINCESS knew of the foregoing conditions causing Plaintiff TERESA BABER'S accident and did not correct them, or the conditions

existed for a sufficient length of time so that Defendant PRINCESS in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

40. As a result of the negligence of Defendant PRINCESS, the Plaintiff TERESA BABER was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of Plaintiff TERESA BABER'S injuries and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff TERESA BABER will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

WHEREFORE the Plaintiff TERESA BABER demands judgment for all damages recoverable under the law against the Defendant PRINCESS and demands trial by jury.

### Prayer for Relief

WHEREFORE, the Plaintiff TERESA BABER respectfully request the Court enter judgment in her favor and against the Defendant PRINCESS as follow:

1. To enter judgment in favor of the Plaintiff against Defendant PRINCESS on all causes of action as alleged herein;

2. To award compensatory damages in the amount to be ascertained at trial;

14
Plaintiff's Complaint and Demand for Jury Trial

3. To award compensatory damages in the amount to be ascertained at trial;

4. To award costs of suit, as permitted by law;

5.

6. For prejudgment interest according to proof; and

7. To enter such other and further relief as the Court deems just under the circumstances.

LIPCON MARGULIES ALSINA & WINKLEMAN

DATED: February 16, 2021.

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*

### Demand for Jury Trial

Plaintiff TERESA BABER hereby demands a trial by jury on all claims for relief.

LIPCON MARGULIES ALSINA & WINKLEMAN

DATED: February 16, 2021.

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*

15
Plaintiff's Complaint and Demand for Jury Trial